**BEGAM, MARKS & TRAULSEN P.A.**
11201 North Tatum Blvd., Suite 110
Phoenix, Arizona  85028-6037
(602) 254-6071

Richard P. Traulsen – State Bar #016050
rtraulsen@bmt-law.com

Attorneys for Plaintiff Kristy Bishop

**MUNSON LAW OFFICE, PLC**
P.O. Box 30938
Phoenix, AZ  85046

Mark E. Munson, Esq. – State Bar #028580
mark@munsonlawaz.com

Attorney for Plaintiff Phillip Bishop

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kristy Bishop, a married woman; and Phillip Bishop, a married man, | ) NO. |
| | ) |
| | ) **COMPLAINT** |
| Plaintiffs, | ) |
| | ) (Breach of Contract; Bad Faith) |
| v. | ) |
| | ) |
| Pacific Indemnity Company, a foreign corporation, | ) (Jury Trial Demanded) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

For their Complaint, Plaintiffs allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.     At all times material hereto, Plaintiff Kristy Bishop ("Kristy Bishop") was a married woman and a resident of Peoria, Arizona.

**BEGAM MARKS & TRAULSEN**
A PROFESSIONAL
ASSOCIATION

2.     At all times material hereto, Plaintiff Phillip Bishop ("Phillip Bishop") was a married man and a resident of Peoria, Arizona.

3.     Defendant Pacific Indemnity Company, ("Pacific Indemnity") is a foreign insurance corporation authorized to transact insurance business in the State of Arizona.

4.     Upon information and belief, Pacific Indemnity's state of domicile is Wisconsin, and its principal place of business is in the state of New Jersey.

5.     There is complete diversity of citizenship between the adverse parties.

6.     Plaintiffs each seek compensation in excess of $75,000, exclusive of interest and costs, for the significant injuries each has suffered.

7.     Pacific Indemnity has caused events to occur in Maricopa County, which forms the basis of this Complaint.

8.     Pursuant to 28 U.S.C. § 1332, the United States District Court for the District of Arizona has original jurisdiction over this matter.

## EVENTS GIVING RISE TO THE CLAIM

9.     On July 23, 2016, at approximately 3:50 p.m., at or near Forest Service Road 141, approximately 7 miles east of Highway 87 in the Blue Ridge District near Clints Well, Arizona, Kristy Bishop was a passenger in a utility task vehicle ("UTV") that Phillip Bishop was driving.

10.    At that same place in time nonparty Brandon Glenn Kolsky ("Mr. Kolsky") was operating another UTV in the opposite direction, and the two vehicles collided head-on as they rounded a corner.

BEGAM,
MARKS
&
TRAULSEN
A PROFESSIONAL
ASSOCIATION

[18722-002/385238/1]                                -2-

11.    The UTV that Mr. Kolsky was operating was owned by non-party Ira Cadwell ("Cadwell"), who was the named insured under a policy of insurance that Pacific Indemnity issued through its subsidiary Chubb Insurance with policy number 13866710-01.

12.    Mr. Kolsky has maintained from the time of the crash that he was a permissive user of the UTV and therefore an insured under a policy of insurance Pacific Indemnity issued with policy number 13866710-01 on that vehicle.

13.    As a result of the collision, Kristy Bishop and Phillip Bishop both suffered significant and permanent bodily injuries; incurred medical expenses; endured pain, suffering and anxiety in the past and will do so in the future; and suffered loss of income now and in the future.

14.    Kristy Bishop's damages sought in this action are in excess of the jurisdictional minimal limits of the Court.

15.    Phillip Bishop's damages sought in this action are in excess of the jurisdictional minimal limits of the Court.

16.    Kristy Bishop, Phillip Bishop, and other nonparties who were injured in the crash made claims against Mr. Kolsky for his part in causing the crash.  Mr. Kolsky had his own personal auto policy with Safeway Insurance Company with limits of $15,000 per person, $30,000 per incident.

17.    Safeway Insurance Company globally tendered those limits in an effort to protect Mr. Kolsky from personal financial exposure to the claims.

BEGAM,
MARKS
&
TRAULSEN
A PROFESSIONAL
ASSOCIATION

[18722-002/385238/1]                                        -3-

18.     Kristy Bishop and Phillip Bishop both made claims to Pacific Indemnity for Mr. Kolsky's fault, based on him being a permissive user and therefore an insured under the policy.

19.     When Pacific Indemnity refused those claims and denied that Mr. Kolsky was an insured, Plaintiffs each brought suit against Mr. Kolsky.

20.     Mr. Kolsky's counsel tendered the defense to Pacific Indemnity, which refused the tender.

21.     Defendant, through its representative, Laurie Johnson, on more than one occasion denied coverage under said policy of insurance, denied any obligation to defend or indemnify Mr. Kolsky or provide any benefit as called for under the policy of insurance.

22.     In July 2019, faced with ongoing litigation and a potential judgment against his personal assets, Mr. Kolsky entered into a Damron agreement with Plaintiff Kristy Bishop (see **Exhibit A**), which resulted in a Judgment in the amount of $1,250,000.00 being entered against Mr. Kolsky with Mr. Kolsky assigning his claims and rights against Pacific Indemnity to Kristy Bishop for her claim.

23.     In August 2019, faced with ongoing litigation and a potential judgment against his personal assets, Mr. Kolsky entered into a Damron agreement with Plaintiff Phillip Bishop (see **Exhibit B**), which resulted in a Judgment in the amount of $900,000.00 being entered against Mr. Kolsky with Mr. Kolsky assigning his claims and rights against Pacific Indemnity to Phillip Bishop for his claim.

BEGAM,
MARKS
&
TRAULSEN
A PROFESSIONAL
ASSOCIATION

24. Plaintiffs are entitled to recover prejudgment interest pursuant to A.R.S. § 20-462.

25. Plaintiffs are entitled to an award of reasonable attorneys' fees pursuant to A.R.S. §12-341.01.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

26. Plaintiffs reallege the foregoing allegations.

27. The subject automobile insurance policy constitutes a contract of insurance between Defendant and its insureds, which include Mr. Kolsky.

28. Defendant's refusal to defend and indemnify Kolsky constitutes a material breach of that insurance contract.

29. Defendant breached the insurance contract by failing to provide a defense and provide any coverage under the policy to Mr. Kolsky for either of Plaintiffs' claims or lawsuits.

30. As a direct and proximate result of Defendant's breach of contract, Mr. Kolsky (and by virtue of the assignments to each Plaintiff) has sustained and will continue to sustain damages in an amount to be proven at trial not less than Plaintiffs' judgments against him.

31. As this matter arises out of contract, Plaintiffs are entitled to an award of attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

. . .

. . .

BEGAM,
MARKS
&
TRAULSEN
A PROFESSIONAL
ASSOCIATION

[18722-002/385238/1]                    -5-

## SECOND CAUSE OF ACTION
## (BAD FAITH)

32.     Plaintiffs reallege the foregoing allegations.

33.     Defendant owes insureds under its policies a duty to act in good faith and deal fairly in handling claims.

34.     Defendant breached its duties by mishandling Plaintiffs' claims and lawsuits and acting unfairly and in bad faith by failing to reasonably investigate, evaluate and determine the rights of Mr. Kolsky to coverage and a defense under the policy of insurance consistent with the applicable standard of care.

35.     The above-referenced conduct was undertaken by Defendant for the sole purpose of benefiting Defendant to the detriment of Mr. Kolsky.

36.     The above-referenced conduct was undertaken in disregard of Defendant's obligation of equal consideration of the interest of its insured and constituted a violation of its duty of good faith and fair dealing.

37.     As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, Mr. Kolsky incurred damages, which he has assigned to Kristy Bishop, in an amount to be proven at trial, but not less than the judgment entered against him in favor of her.

38.     As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, Mr. Kolsky incurred damages, which he has assigned to Phillip Bishop, in an amount to be proven at trial, but not less than the judgment entered against him in favor of Mr. Bishop.

**BEGAM, MARKS & TRAULSEN**
A PROFESSIONAL ASSOCIATION

[18722-002/385238/1]                    -6-

## DEMAND FOR JURY TRIAL

Pursuant to 38 (b) of the Federal Rules of Civil Procedure, Plaintiffs request trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs each pray for judgment against Defendant as follows:

A.    General Damages to each Plaintiff for Defendant's bad faith handling of Mr. Kolsky's claim for coverage and a defense under the subject policy.

B.    Special Damages to each Plaintiff for Defendant's breach of its contract of insurance.

C.    Plaintiffs' taxable costs incurred herein;

D.    Interest on the judgment for all items of special damages at the maximum rate allowed by law, from the date each item of special damages was incurred until paid;

E.    Interest on the judgment for all general damages at the maximum rate allowed by law from the date of any verdict and/or acceptance of judgment in this case until paid;

F.    Interest on the judgment for Plaintiffs' costs incurred herein at the maximum rate allowed by law from the date each item of cost was incurred, or from the date of judgment, whichever the Court deems appropriate, until paid; and

G.    Any other losses and damages sustained by Plaintiffs for which they are legally entitled either by statute or by the common law.

. . .

. . .

**BEGAM,
MARKS
&
TRAULSEN**
A PROFESSIONAL
ASSOCIATION

[18722-002/385238/1]                    -7-

DATED this 21st day of August, 2019.

**BEGAM, MARKS & TRAULSEN P.A.**    **MUNSON LAW OFFICE, PLC**

By _/s/ Richard P. Traulsen_            By  _/s/ Mark E. Munson_
    Richard P. Traulsen, Esq.            Mark E. Munson, Esq.
    11201 N. Tatum Blvd., Suite 110        P.O. Box 30938
    Phoenix, AZ  85028-6037            Phoenix, AZ  85046
    Attorneys for Plaintiff Kristy Bishop    Attorney for Plaintiff Phillip Bishop

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2019, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.


By _/s/ Coleen Chavira_

**BEGAM,
MARKS
&
TRAULSEN**
A PROFESSIONAL
ASSOCIATION

[18722-002/385238/1]                    -8-