Amy M. Samberg (#013874)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
One Arizona Center
400 E. Van Buren Street, Suite 550
Phoenix, AZ  85004
Telephone:  (602) 926-9880
Facsimile:  (312) 863-5099
E-Mail: asamberg@fgppr.com

Traci M. Ribeiro (#032877) (Pro Hac Vice Pending)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 N. LaSalle, Suite 1400
Chicago, IL 60601
Telephone:  (312-863-5000)
Facsimile:  (312-863-5099)
E-Mail: tribeiro@fgppr.com

Attorneys for Defendant Pacific Indemnity Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristy Bishop, a married woman; and Phillip Bishop, a married man, <br><br> Plaintiffs, <br><br> v. <br><br> Pacific Indemnity Company, a foreign corporation, <br><br> Defendant. | Case: 2:19-cv-04999-CBD <br><br> **DEFENDANT PACIFIC INDEMNITY COMPANY'S ANSWER AND AFFIRMARIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

For its Answer to Plaintiffs' Complaint (the "Complaint"), Pacific Indemnity Company ("Pacific" or "Defendant") admits, denies, and affirmatively alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint, and therefore denies same.

2.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore denies same.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

3.     Paragraph 3 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent a response is required, Pacific admits only that it is a corporation organized under the laws of the State of Wisconsin and that it is authorized to conduct business in the State of Arizona.

4.     Paragraph 4 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent a response is required, Pacific admits only that it is a corporation organized under the laws of the State of Wisconsin and that its principal place of business is in the State of New Jersey.

5.     Paragraph 5 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent paragraph 5 states factual allegations, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore denies same.

6.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint, and therefore denies same.

7.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint, and therefore denies same.

8.     Paragraph 8 of Plaintiffs' Complaint states legal conclusions to which no response is required.

### EVENTS GIVING RISE TO THE CLAIM

9.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint, and therefore denies same.

10.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint, and therefore denies same.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

11.     Paragraph 11 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 11 states factual allegations, Defendant admits that Brandon Kolsky was operating a UTV owned by Ira Ron Cadwell at the time of the accident.  Defendant also admits that it issued policy number 13866710-01.  The policy is a writing and speaks for itself.

12.     Paragraph 12 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 12 states factual allegations, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint, and therefore denies same.

13.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint, and therefore denies same.

14.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint, and therefore denies same.

15.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Complaint, and therefore denies same.

16.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint, and therefore denies same.

17.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Complaint, and therefore denies same.

18.     Paragraph 18 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 18 states factual allegations, Defendant admits only that the claim was tendered to Defendant.  Defendant denies the remaining allegations of paragraph 18 of Plaintiffs' Complaint.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

19. Paragraph 19 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent paragraph 19 states factual allegations, Defendant admits that it denied coverage on the basis that Mr. Kolsky was not a permissive user of the UTV at the time of the accident. Defendant also admits that Mr. Kolsky brought suit against Plaintiffs. Defendant denies the remaining allegations of paragraph 19 of Plaintiffs' Complaint.

20. Paragraph 20 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent paragraph 20 states factual allegations, Defendant admits only that the claim was tendered to Defendant by counsel for Plaintiffs and Kolsky. Defendant denies the remaining allegations of paragraph 20 of Plaintiffs' Complaint.

21. Defendant admits only that it denied coverage for a lawsuit brought by Plaintiffs against Brandon Kolsky. The remaining allegations in Paragraph 21 of Plaintiffs' Complaint states legal conclusions to which no response is required.

22. Defendant admits that a document is attached at Exhibit A. Exhibit A is a writing and speaks for itself, and Defendant denies any characterization to the contrary. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint, and therefore denies same.

23. Defendant admits that a document is attached at Exhibit B. Exhibit B is a writing and speaks for itself, and Defendant denies any characterization to the contrary. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint, and therefore denies same.

24. Paragraph 24 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent paragraph 24 states factual allegations, the allegations are denied.

25. Paragraph 25 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent paragraph 25 states factual allegations, the allegations are denied.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

26.    In response to paragraph 26 of Plaintiffs' Complaint, Defendant realleges and incorporates by reference its response to the allegations in paragraphs 1 through 25 of Plaintiffs' Complaint as if fully set forth herein.

27.    Paragraph 27 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 27 states factual allegations, the allegations are denied.

28.    Paragraph 28 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 28 states factual allegations, the allegations are denied.

29.    Paragraph 29 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 29 states factual allegations, the allegations are denied.

30.    Paragraph 30 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 30 states factual allegations, the allegations are denied.

31.    Paragraph 31 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 31 states factual allegations, the allegations are denied.

## SECOND CAUSE OF ACTION

## (BAD FAITH)

32.    In response to paragraph 32 of Plaintiffs' Complaint, Defendant realleges and incorporates by reference its response to the allegations in paragraphs 1 through 31 of Plaintiffs' Complaint as if fully set forth herein.

33.    Paragraph 33 of Plaintiffs' Complaint states legal conclusions to which no response is required.

34.    Paragraph 34 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 34 states factual allegations, the allegations are denied.

35. Paragraph 35 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 35 states factual allegations, the allegations are denied.

36.    Paragraph 36 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 36 states factual allegations, the allegations are denied.

37.    Paragraph 37 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 37 states factual allegations, the allegations are denied.

38.    Paragraph 38 of Plaintiffs' Complaint states legal conclusions to which no response is required.  To the extent paragraph 38 states factual allegations, the allegations are denied.

## GENERAL DENIALS

Pacific denies the truth of each and every allegation of the Complaint unless it is specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate, alternative and affirmative defenses to the Complaint, Pacific alleges:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the policy and/or by public policy.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

**THIRD AFFIRMATIVE DEFENSE**

Pacific is informed and believes, and on that basis alleges, that a person or entity not a party to this action was wholly or partially at fault for causing the damages for which Plaintiffs seek recovery thereby reducing or eliminating any amounts owed by Pacific.

**FOURTH AFFIRMATIVE DEFENSE**

Pacific is informed and believes, and on that basis alleges, that Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence to avoid the damages complained of in the Complaint.  Thus, as a separate defense, Pacific alleges that, upon information and belief, Plaintiffs were comparatively at fault for the alleged damages, if any, sustained and thus, the amount of damages (if any) awarded against Pacific must be reduced proportionately by the amount of fault apportioned to Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Pacific is informed and believes, and on that basis alleges, that Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize, or avoid their alleged damages and, thus, any recovery which may be awarded to Plaintiffs in this action should be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

Pacific is informed and believes, and on that basis alleges, that Plaintiffs have unclean hands in relation to the matters alleged in the Complaint and, by virtue of their acts, conduct, representations, and omissions, Plaintiffs have waived their rights to the relief sought in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Pacific alleges that, by virtue of Plaintiffs' own acts and conduct, Plaintiffs waived their rights and/or are estopped from asserting its claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Pacific alleges that at all times mentioned in the Complaint, it was asserting its legal rights under the policies with a good faith belief in the existence of those rights.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

## NINTH AFFIRMATIVE DEFENSE

Pacific alleges that the acts alleged to have been committed by it were not the cause in fact, proximate cause, or any legal cause of any damages complained of in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Pacific alleges that any damages awarded against it are subject to an offset of any and all amounts recovered by Plaintiffs through any claim and/or lawsuit for the same loss and damages against third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are speculative, are not supported by proof, and are not compensable as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant herein, Pacific acted diligently and with due care in the performance of any duty owed to Plaintiffs or Kolsky.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pacific did not breach its duties, if any, owed to Plaintiffs or Kolsky.

## DEMAND FOR JURY TRIAL

Pursuant to 38(b) of the Federal Rules of Civil Procedure, Defendant requests trial by jury.

## RESERVATION OF RIGHTS

All possible affirmative and additional defenses may not have been alleged herein and insofar as sufficient facts are not available upon reasonable inquiry, Pacific reserves the right to amend its Answer to allege more affirmative or additional defenses as subsequent investigation warrants.

WHEREFORE, Pacific prays for judgment as follows:

1.     That Plaintiffs take nothing against Pacific by its Complaint;

2.     That the Court enters judgment in favor of Pacific and against Plaintiffs on any and all claims for relief alleged against Pacific in the Complaint;

3.     That Pacific be awarded its attorney fees and costs; and

4.      For such other and further relief as the Court deems just and proper.

DATED this 9th day of October, 2019.

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC


By: s/ *Amy M. Samberg*
Amy M. Samberg
400 E. Van Buren Street, Suite 550
Phoenix, AZ  85004

Traci M. Ribeiro
222 N. LaSalle, Suite 1400
Chicago, IL  60601

Attorneys for Defendant Pacific
Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2019, I electronically transmitted the

foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for

filing and service to all parties/counsel registered to receive copies in this case.

Richard P. Traulsen, Esq.
BEGAM, MARKS & TRAULSEN, P.A.
11201 North Tatum Blvd., Suite 110
Phoenix, AZ  85028-6037
*Attorney for Kristy Bishop*
rtraulsen@bmt-law.com

Mark E. Munson, Esq.
MUNSON LAW OFFICE, PLC
PO Box 30938
Phoenix, AZ  85046
*Attorney for Phillip Bishop*
Mark@munsonlawaz.com


/s/      *Brenda Uran*

- 9 -