**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Carley Anne Miller,

        Plaintiff,

v.

Pacific Indemnity Company,

        Defendant.

No. CV-18-02335-PHX-JAS
No. CV-19-04999-PHX-DJH

**ORDER**

Pending before the Court is Defendant's Motion to Consolidate *Miller v. Pacific Indemnity Co.*, CV-18-2335, with *Bishop v. Pacific Indemnity Co.*, CV-19-4999. (Doc. 163.)[1]

Cases pending before different Judges may be transferred to a single Judge if they "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a). Courts may consolidate actions before them that involve common questions of law or fact. Fed. R. Civ. P. 42(a)(2). Parties do not need to consent to consolidation. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Courts should avoid prejudicing either party by consolidating actions. *Cantrell v.*

---

[1] Judge Soto has consulted with Judge Humetewa and will decide this motion, as the Judge assigned to the case with the lowest case number. LRCiv 42.1(b). All document numbers refer to the docket number in *Miller v. Pacific Indemnity Co.*, CV-18-2335.

*GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

The parties agree that this case involves substantially the same questions of law and fact. (Docs. 163, 165, 168.) The Court finds good cause to transfer *Bishop v. Pacific Indemnity Co.*, CV-19-4999 to Judge Soto. This will result in a more efficient use of court resources and a reduction in the risk of inconsistent rulings. Only one Judge will need to go through the facts and law in common.

*Miller v. Pacific Indemnity Co.*, CV-18-2335, has completed discovery and currently has a pending motion for summary judgment (Doc. 180). *Bishop v. Pacific Indemnity Co.*, CV-19-4999, is in its infancy, no schedule has been issued or depositions started. Due to this difference in time and position of the cases, the Court will not consolidate the two actions. Consolidation would result in delay for *Miller v. Pacific Indemnity Co.*, CV-18-2335, or prejudice for *Bishop v. Pacific Indemnity Co.*, CV-19-4999.

IT IS ORDERED that *Bishop v. Pacific Indemnity Co.*, CV-19-4999 shall be transferred to this Court. In future filings, the "DJH" shall be replaced by "JAS" (i.e., CV 19-4999-PHX-JAS), as this case has now been transferred to this Court.

IT IS FURTHER ORDERED that the motion to consolidate (Doc. 163) is granted, to the extent transfer to this Court was requested, and all other relief is denied.

Dated this 19th day of December, 2019.

Honorable James A. Soto
United States District Judge

- 2 -